MAX FANWICK and Another, Copartners, Doing Business under the Firm Name and Style of O. K. DRESS & WAIST Co., at 469 Seventh Avenue, Borough of Manhattan, City of New York, Plaintiffs, *v.* THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, INCORPORATED, Defendant.

First Department, April 11, 1930.

*Francis R. Stoddard* of counsel [*Daniel S. Murphy* and *Daniel D. Farr* with him on the brief; *Greene & Hurd,* attorneys], for the plaintiffs.

*George X. Levine* of counsel [*Alfred B. Nathan* and *S. Howard Imbrey,* attorneys], for the defendant.

SHERMAN, J. This controversy was submitted to this court upon an agreed statement of facts. Plaintiffs are dealers in ladies' dresses which are manufactured for them by contractors, to whom

plaintiffs deliver the material used in their making. A loss occurred through a burglary while plaintiffs' property was in the premises of Feil, a contractor.

The policy issued by defendant to plaintiffs insuring plaintiffs against loss when sustained through burglary during the time that the property is in the possession of a contractor, contains the following pertinent language: "Also against the risk of burglary (meaning forcible entry of which there is visible evidence of the use of tools, chemicals or explosives) only while in premises of contractors as hereinafter defined.

"Premises of contractors mentioned in this policy shall be deemed to mean the interior of room, loft, shop or workrooms actually occupied by the contractors employed by the Assured excluding showcases or show windows not opening directly into the interior of premises, public entrances, hallways and stairways."

"This policy does not cover or attach where rooms, loft, shop or workrooms are not within solid walls from floor to ceiling."

Feil occupied one room on the fourth floor of a loft building at No. 132 West Twenty-seventh street in the city of New York. That floor was divided into four different rooms, each of which opened into a common hallway leading to the elevator and stairway exits. Each of these rooms was separated from the others and from the hallway by partitions constructed of wooden, perpendicular boards rising toward the ceiling to a height of about six feet two inches. Above this wooden partition and extending toward the ceiling was an ordinary wire mesh, fastened to wooden uprights. Between the ceiling and the top of this mesh was an open and vacant space of about three inches. Obviously this room was not within solid walls from floor to ceiling.

Plaintiff contends that inasmuch as the building itself had walls with windows on all four sides, the room was within solid walls from floor to ceiling.

The exclusion clause above quoted must be given a reasonable construction. It was intended to exempt defendant from liability where the contractor's room was not actually inclosed by solid walls, so that the merchandise therein would, to that extent, be protected from abstraction by burglars. Accordingly, inasmuch as the property was not so protected, no liability attaches under the policy. A burglary, upon which to base recovery under the policy, would have to be accomplished not merely by securing an entrance into the building but by overcoming the obstacle presented by the solid wall of the contractor's premises.

To hold as plaintiffs urge would be to render this clause virtually meaningless, for every loft building has walls, more or less solid,

running from foundation to roof, and there would be no occasion to insert such a clause in a policy.

These views require that judgment be granted in favor of defendant, but without costs under the stipulation of the parties.

DOWLING, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment directed in favor of defendant, without costs. Settle order on notice.